COSMETOLOGY BOARD — INVESTIGATIONS
The propriety of a member of the Cosmetology Board Investigating alleged misdeeds of licensed or unlicensed cosmetologists cannot be answered as a matter of law due to the numerous conflicts in both the case law and the statutes regarding the matter. Reasonable prudence would dictate (however, that members of the Cosmetology Board not personally involve themselves in the investigatory aspects of the Board's duties. These tasks would appear best left to the inspectors employed by the Board for that purpose in order to preclude unnecessary legal complications. The Board should conduct its own investigations only if the Board determines that particular circumstances require it. The Attorney General has received your request for an opinion wherein you ask: "Is it proper for a member of the Cosmetology Board to investigate alleged misdeeds by licensed or unlicensed cosmetologists ?" Title 59 O.S. 199.3 [59-199.3] (1971), subsections (E) and (F), reads as follows: "(E) The board or the duly authorized representative thereof, shall make regular inspections of all beauty schools and beauty shops licensed to operate in this State, and reports thereof shall be kept and maintained in the office of the board. "(F) The board or the duly authorized representative thereof shall make investigations and reports on all cases of illegal practice of this Act." This statute, taken on its face, and absent other considerations, apparently requires your question to be answered in the affirmative. Other factors must be considered, however, including the provisions of the Administrative Procedures Act, with which the Board must comply, and the fundamental due process requirements of the United States and Oklahoma Constitutions. Title 75 O.S. 313 [75-313] (1971) provides that Board members may not communicate with any party to a proceeding before that Board, specifically reading: "Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in an individual proceeding shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor in connection with any issue of law, with any party or his representative, except upon notice and opportunity for all parties to participate. An agency member (1) may communicate with other members of the agency, and (2) may have the aid and advice of one or more personal assistants." Title 75 O.S. 316 [75-316] (1971) provides for disqualification of a Board member and reads: "A hearing examiner or agency member shall withdraw from any individual proceeding in which he cannot accord a fair and impartial hearing or consideration. Any party may request the disqualification of a hearing examiner or agency member, on the ground of his inability to give a fair and impartial hearing, by filing an affidavit, promptly upon discovery of the alleged disqualification, stating with particularity the grounds upon which it is claimed that a fair and impartial hearing cannot be accorded. The issue shall be determined promptly by the agency, or, if it affects a member or members of the agency, by the remaining members thereof, if a quorum. Upon the entry of an order of disqualification affecting a hearing examiner, the agency shall assign another in his stead or shall conduct the hearing itself. Upon the disqualification of a member of an agency, the Governor immediately shall appoint a member pro tem to sit in place of the disqualified member in that proceeding. In further action, after the disqualification of a member of an agency, the provisions of Section 11 of this Act shall apply." The above statutes point out the possible adverse ramifications of a Board member actively investigating alleged misdeeds of a cosmetologist. A member would be hard put to investigate an incident without discussing the matter with the individual cosmetologist or other individuals who might be the subject of subsequent Board action, thus possibly running afoul of Section 313. Active investigation by a member would also, almost of necessity, lead the individual to preconceived ideas and determinations concerning the guilt or innocence of the individual cosmetologist, and thus render that Board member subject to disqualification under Section 75 O.S. 316 [75-316]. In addition, the fundamental fairness requirements of due process under the United States and Oklahoma Constitutions would appear to require that Board members not personally investigate alleged misdeeds. In the case of Farmington Dowel Products Co. v. Forster Mfg. Co.,421 F.2d 61, appeal after remand 436 F.2d 699, the Court stated the general rule as being that internal separation of the decision-making and prosecuting functions within governmental agencies is consistent with the demands of due process. It is apparent that the lack of such internal separation increases the likelihood of failure to achieve the fundamental fairness required by the due process clause. This likelihood has achieved fruition in numerous instances, requiring the decisions of administrative tribunals be overturned by the courts for failure to comport with due process requirements. See Mack v. Florida State Board of Dentistry, 296 F. Supp. 1259 (1969), Amos Treat Company v. Securities Exchange Commission,306 F.2d 260 (1962), Cinderella Career Finishing School, Inc., et al. v. Federal Trade Commission, 425 F.2d 583
(1970), Trans-World Airlines v. Civil Aeronautics Board,254 F.2d 90 (1958); American Cyanamide Company v. F.T.C.,363 F.2d 757 (1966); contra: Pangburn v. C.A.B., 311 F.2d 349
(1962). A close reading of these cases, paying particular attention to their factual content, emphasizes the inherent problems which might be encountered were your question to be answered in the affirmative. Reason and prudence would dictate, however, that Board members not become actively involved in the investigatory aspects of the regulation of cosmetologists. These tasks would appear best left to the inspectors employed by the Board for such purposes. It is, therefore, the opinion of the Attorney General that your question cannot be answered as a matter of law because of the divergent facts that may be present in each case. Reasonable prudence would dictate, however, that members of the Cosmetology Board not personally involve themselves in the investigatory aspects of the Board's duties. These tasks would appear best left to the inspectors employed by the Board for that purpose in order to preclude unnecessary legal complications. The Board should conduct its own investigations only if the Board determines that particular circumstances require it. (James R. Barnett)